UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERO-X, INC., a Virginia corporation d/b/a POLARA GOLF,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM RHEW, an individual; GRACE MCLAIN CAPITAL ADVISORS, LLC, a North Carolina limited liability company,<br><br>Defendants. | Case No.: 15-cv-1379-BEN (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT** |

Before this Court is a Motion for Relief from Clerk's Entry of Default, filed by Defendants William Rhew and Grace McLain Capital Advisors, LLC. (Docket No. 9.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On June 23, 2015, Plaintiff Aero-X, Inc. filed a Complaint against Defendants, alleging claims for breach of contract, intentional misrepresentation, and negligent misrepresentation. (Docket No. 1.) Plaintiff alleges that it entered into an agreement with, and obtained a loan from, Defendants. (Compl. ¶¶ 11-12.) According to Plaintiff, Defendants failed to fully fund the loan, and attempted to enforce new terms to the

1

agreement. (Compl. ¶ 16.)

Plaintiff claims it served Defendants via mail on July 2, 2015. (Docket No. 6, Decl. of Jonathan A. Michaels ¶ 2; *see* Docket Nos. 4-5.) On July 29, 2015, Plaintiff requested the Clerk's entry of default. (Docket No. 6.) The Clerk entered default on August 3, 2015. (Docket No. 7.) On September 3, 2015, Plaintiff filed a motion for default judgment. (Docket No. 8.) On September 21, 2015, Defendants filed the instant Motion for Relief from Clerk's Entry of Default. (Docket No. 9.)

## DISCUSSION

Defendants ask the Court to set aside the Clerk's entry of default because they were not properly served and good cause exists for relief.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The standard for determining good cause under Rule 55(c) is the same as that under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter *Mesle*]. "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* (internal quotation marks omitted). However, courts should decide cases on the merits whenever possible. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### A. Culpable Conduct

Plaintiff argues Defendants engaged in culpable conduct by "purposefully and intentionally" ignoring the lawsuit for three months. (Opp'n [Docket No. 11] at 4.) Defendants argue that they were not aware of the lawsuit until Plaintiff contacted Mr. Rhew by telephone on August 18, 2015. (Mot. 1, 18.)

A defendant is not culpable simply for choosing not to answer a complaint. *Mesle*, 615 F.3d at 1092. Culpable conduct is shown by an "intention to take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise manipulate the

legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (overruled on other grounds).

Here, Plaintiff shows nothing more than a failure to respond to the Complaint. There is no evidence that Defendants acted in bad faith. As such, Defendants did not engage in culpable conduct.

### B. Meritorious Defense

When deciding whether a defendant has a meritorious defense, courts look to see if the defendant has alleged "sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

First, Defendants present sufficient facts to suggest that this Court may not have personal jurisdiction over them. Second, Defendants also present facts of fraudulent inducement. Defendants contend that upon negotiating the loan agreement with Plaintiff, Plaintiff misrepresented the amount of debt it had. Defendants argue that, had they known the true amount of Plaintiff's debt, Defendants would not have entered into the same agreement. As the Court need not determine whether these facts are true, *see id.*, these facts are sufficient to constitute a defense.

### C. Prejudice to Plaintiff

Prejudice is shown by some "greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. "The standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463.

Here, Plaintiff argues it will suffer prejudice by the delay and cost of litigation if the default is set aside. Plaintiff does not argue that evidence has been lost during the delay, or that discovery will be more difficult. *See TCI Grp.*, 244 F.3d at 701. Rather, Plaintiff argues that being forced to litigate the merits of the suit it initiated is prejudicial. It is not. *See id.* ("For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so.").

The good cause factors support Defendants' position that relief from default is appropriate. As good cause is an adequate reason to set aside the default, the Court need

not address Defendants' alternative reason for relief.

## CONCLUSION

Defendants' Motion is **GRANTED**. The Clerk's entry of default is set aside. Plaintiff's motion for default judgment is **DENIED as moot**. Defendants shall file a response to Plaintiff's Complaint within **21 days** of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: December 4, 2015

Hon. Roger T. Benitez
United States District Judge